IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE:<br><br>**Joshua Scott Welborn,**<br><br>**Melissa Ann Welborn,**<br><br>**DEBTORS,** | § CASE NO.: 19-20604<br>§<br>§ CHAPTER 13<br>§<br>§ Hearing:<br>§ Date: February 13, 2020<br>§ Time: 9:00 a.m.<br>§ 1133 N. Shoreline Blvd., 2nd Floor,<br>§ Corpus Christi, TX 78401 |

## OBJECTION TO CHAPTER 13 PLAN (DOCKET No. 2)

Comes now Carvana, LLC, its successors and assigns, (hereinafter "Secured Creditor"), a secured creditor in the above-entitled and numbered case, and files this Objection to Confirmation of Chapter 13 Plan, and in support thereof represents:

1. The above-styled Debtor filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on December 9, 2019.

2. On June 18, 2018, Debtor, Melissa Ann Welborn executed a Contract in favor of Movant in the original principal amount of $18,175.39 ("Contract") and a maturity date of June 19, 2024.

3. The debt described by the Contract is secured by the 2016 Honda Civic bearing the VIN: 2HGFC2F79GH548328 (the "Vehicle"). Furthermore, the Contract indicates that the Vehicle was purchased for personal use.

4. On January 20, 2020, Secured Creditor filed its proof of claim in the bankruptcy identified as claim #13-1 and evidencing a total claim of $16,286.50 and an interest rate of 18.00%.

5. Debtor's Chapter 13 Plan (hereinafter "Plan") as proposed provides for Secured Creditor's claim to be paid over a 30 month term at 0% with monthly pro rata payments.

6. Secured Creditor objects to confirmation of the Plan because:

   a. Initially, Secured Creditor objects as the amount of its claim is understated in the plan at only $16,183.00, when at the time of the filing of the bankruptcy, the total claim, as evidenced by Secured Creditor's proof of claim was $16,286.50. As Secured Creditor's claim arose less than 910 days before the Instant Petition was filed, the claim must be paid as fully secured.

   b. Secured Creditor also objects to the Plan as Debtor's proposed 0% interest on the allowed secured claim is not appropriate. The appropriate rate of interest that should be provided in a Chapter 13 plan to compensate the secured creditor for the delay in receiving payments was addressed in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). A secured creditor who is paid the allowed amount of its claim over time must be paid interest postconfirmation on its allowed secured claim. The standard requires the Debtor to establish the national prime rate, adjusted upward for the risk of nonpayment.

   c. Debtor's desire for such a below market rate cannot be supported and cannot be said to provide fair and equitable treatment of secured claims. The proposed interest rate does not adequately compensate Secured Creditor for the risk inherent in the proposed Plan. The rate proposed is unquestionably far below the market rate and inappropriately applies the standard for setting an appropriate rate of interest. The risk of Debtor's default under the Plan is high, requiring a much higher interest rate. Debtor has failed to meet her payment obligations prior to filing the Petition. Consequently, Debtor's proposed Plan cannot be confirmed.

d. The Plan does not provide any adequate protection payments pending plan confirmation to Secured Creditor. If the debt is secured by personal property, the plan payments *must* be sufficient to provide "adequate protection" to the creditor during the period of the plan (i.e., sufficient to cover insurance, depreciation, etc.). 11 USC § 1325(a)(5)(B)(iii)(II).

e. Furthermore, the Debtor's Plan proposes pro rata payments to Secured Creditor. However, if the plan provides for periodic payments to the secured creditor, those payments must be in equal monthly amounts. 11 USC § 1325(a)(5)(B)(iii)(I); *In re Romero* (BC ED WI 2015) 539 BR 557, 560; *In re Sanchez* (BC D OR 2008) 384 BR 574, 576-579.

f. Finally, depending upon the appropriate interest rate and regular monthly payment to be paid to Secured Creditor, Debtor's plan may not be feasible. The court cannot confirm a Chapter 13 plan unless it finds that the debtor will be able to make all the proposed payments and to comply with the plan. In other words, the plan must be "feasible." 11 USC § 1325(a)(6). The debtor must have both the present and the future ability to make the proposed payments. *In re Street* (BC ND IL 1982) 17 BR 787, 788; see also *In re Pellegrino* (1st Cir. BAP 2010) 423 BR 586, 591—Chapter 13 case dismissed where below-median income debtors had insufficient income over minimum commitment period to make plan payments.

///

///

///

///

WHEREFORE, PREMISES CONSIDERED, Secured Creditor prays that this Court deny confirmation of the Plan, and grant it such other and further relief at law and in equity as is just.

Respectfully submitted,
GHIDOTTI | BERGER LLP

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein/TBN 24104960
Attorneys and Counselors
600 E. John Carpenter Fwy., Ste. 175
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com
Attorney for Secured Creditor

Kristin A. Zilberstein, Esq. (SBN 24104960)
GHIDOTTI | BERGER LLP
600 E. John Carpenter Fwy., Ste. 175
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

**Attorney for Movant,**
Carvana, LLC, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.:  19-20604 |
| | § | |
| **Joshua Scott Welborn and Melissa Ann Welborn,** | § | CHAPTER 13 |
| | § | |
| | § | **CERTIFICATE OF SERVICE** |
| **DEBTORS,** | § | |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On February 5, 2020 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Joshua Scott Welborn<br>2291 Tallow Drive<br>Portland, TX 78374<br><br>**Debtor**<br>Melissa Ann Welborn<br>2291 Tallow Drive<br>Portland, TX 78374<br><br>**Debtors' Counsel**<br>Marcos D Oliva<br>Oliva Law<br>223 W Nolana Boulevard<br>McAllen, TX 78504 | **Chapter 13 Trustee**<br>Cindy Boudloche<br>Chapter 13 Trustee<br>555 N Carancahua, Ste 600<br>Corpus Christi, TX 78401-0823<br><br>**U.S. Trustee**<br>US Trustee<br>606 N Carancahua<br>Corpus Christi, TX 78401 |
|---|---|

\_xx\_\_\_(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

\_\_xx\_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on February 5, 2020 at Santa Ana, California

*/s/ Kristin A. Zilberstein*
Kristin A. Zilberstein, Esq.